**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4904**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

FELIPE DE JESUS HERNANDEZ-HERNANDEZ,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:13-cr-00119-HEH-1)

Submitted:  June 24, 2014          Decided:  July 29, 2014

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Elizabeth W. Hanes, Assistant Federal Public Defender, Nicholas J. Xenakis, Research and Writing Attorney, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe de Jesus Hernandez-Hernandez, a native and citizen of Mexico, pleaded guilty without a plea agreement to one count of illegal reentry after prior removal following conviction of a felony, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The court sentenced him to twenty-four months' imprisonment, which included a three-month upward variance from the high end of the properly calculated Guidelines range. On appeal, Hernandez-Hernandez contends that the district court procedurally erred by refusing to consider his arguments regarding the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(6) (2012). Finding no error, we affirm.

This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "Procedural reasonableness evaluates the method used to determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must

2

accompany <u>every</u> sentence."). When a district court imposes a sentence outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." <u>United States v. Hernandez-Villanueva</u>, 473 F.3d 118, 123 (4th Cir. 2007).

We have thoroughly reviewed the record and find that the district court properly heard, considered, and weighed counsel's arguments regarding § 3553(a)(6). The court also considered the other § 3553(a) factors, as well as the advisory Guidelines range, and clearly stated the basis for its decision to impose a three-month upward variance. Accordingly, we find no procedural error and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>